IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank Clemons     *
1920 Alexis Rd., Apt. 203
Toledo, Ohio 43613     *

    On behalf of himself and other     *    Case No. 3:17-cv-1850
    members of the general public
    similarly situated,     *    Judge

                           Plaintiff,     *    Magistrate Judge

v.     *    **JURY DEMAND ENDORSED HEREON**

KUKA Toledo Production Operations,     *
LLC
c/o Heiko Kaufmann     *
6600 Center Dr.
Sterling Heights, Michigan 48312     *

-and-     *

KUKA Systems North America, LLC     *
c/o Heiko Kaufmann
6600 Center Dr.     *
Sterling Heights, Michigan 48312
    *
-and-
    *
KUKA U.S. Holdings Company, LLC
c/o Heiko Kaufmann     *
6600 Center Dr.
Sterling Heights, Michigan 48312     *

                           Defendants.     *

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

    Now comes Frank Clemons ("Plaintiff," "Named Plaintiff," or "Plaintiff Clemons"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his complaint against KUKA Toledo Production Operations, LLC ("Defendant

KUKA Toledo" or "KUKA Toledo"), KUKA Systems North America, LLC ("Defendant KUKA Systems NA" or "KUKA Systems NA"), and KUKA U.S. Holdings Company ("Defendant KUKA Holdings" or "KUKA Holdings") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) for all of Defendants' employees working in any state, while the Ohio Acts claims are asserted as a class action pursuant to Rule 23 for all of Defendants' Ohio employees. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a

substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in this judicial district.

## II.	THE PARTIES

4. Named Plaintiff Frank Clemons is an individual, United States citizen, and resident of the State of Ohio living in the Northern District of Ohio.

5. At all times relevant herein, Plaintiff was employed by Defendants as a production worker from approximately 2006 through September, 2016.

6. As a production worker, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. During his employment with Defendants, Named Plaintiff was not fully and properly paid for all of his compensable hours worked because Defendants did not properly calculate his regular rate of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint.

8. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated, and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff Clemons' consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9. Defendant KUKA Toledo Production Operations, LLC is a foreign for-profit limited liability company formed under the laws of Michigan, but authorized to conduct business in Ohio with its principal place of business located in the Northern District of Ohio. Defendant KUKA Toledo is a subsidiary of Defendant KUKA Systems NA.

10. Defendant KUKA Systems NA is a foreign for-profit limited liability company formed under the laws of Michigan.

11. Defendant KUKA Systems NA is a foreign for-profit limited liability company formed under the laws of Michigan.

12. Defendant KUKA Holdings is a foreign for-profit limited liability company formed under the laws of Michigan.

13. Defendants are one of the world's leading suppliers of automated manufacturing and assembly solutions for industrial production and employs thousands of hourly, non-exempt employees.

14. Defendants are and have been, jointly and individually, an "employer," with respect to Plaintiff and those similarly situated as that term is defined by the FLSA and the Ohio Acts.

15. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

16. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and those similarly situated.

17. During relevant times, Defendants shared the services of Plaintiffs and those similarly situated.

18. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

19. During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

20. During relevant times, Defendants have been involved in its employment decisions, including, but not limited to decisions about its wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

21. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

22. Upon information and belief, Defendants' joint employees were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

23. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

24. During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

25. Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

### III. STATEMENT OF FACTS

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. At all times relevant herein, Plaintiff was employed by Defendants as a production worker from approximately 2006 through September, 2016.

28. As a production worker, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

29. During his employment with Defendants, Named Plaintiff was not fully and properly paid for all of his compensable hours worked because Defendants did not properly calculate his regular rate of pay prior to paying him overtime, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint.

30. According to Defendants' company-wide Overtime and Policy Calculation policy and/or practice for their hourly employees, Defendants compensate their hourly employees at a higher hourly rate of pay when they work during specified shifts or day (this higher hourly rate of pay hereinafter "shift premium").

31. In addition, Defendants' hourly, non-exempt employees receive other remuneration in the form of non-discretionary bonuses.

32. Named Plaintiff and other similarly situated employees received shift premium(s) and non-discretionary bonuses during workweeks that they worked in excess of 40 hours, but the shift premium(s) and non-discretionary bonuses were improperly excluded from Named Plaintiff's and other similarly situated employees' regular rate of pay calculations.

33. During the three years preceding the filing of this Complaint, Defendants failed to properly calculate the Named Plaintiff's regular rate of pay for the purposes of overtime when he received the shift premium(s) or non-discretionary bonuses.

34. Consequently, Named Plaintiff was not paid one and one-half his *correct* regular rate of pay ("overtime rate") for hours worked over 40 in a workweek as required under federal regulations during the three years preceding the filing date of this Complaint.

35. During relevant times, Defendants suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not fully and properly compensating them for all such hours worked over forty (40) at a rate of at least one and

one-half times their correct regular rate of pay during workweeks when Named Plaintiff and those similarly situated received a shift premium and/or a non-discretionary bonus as described above.

36. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

37. During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

38. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

39. Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

40. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

41. Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

42. During the relevant time period, Defendants applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

43. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek when they received shift premium(s) or non-discretionary bonuses.

44. Defendants knew or should have been aware that Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be

paid an overtime rate based on the correct regular rate of pay, but it willfully elected not to fully compensate its employees during all times relevant.

45. Defendants failure to fully and properly pay Plaintiff and other similarly situated employees resulted in unpaid overtime wages.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages.

46. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants who received shift premium(s) or non-discretionary bonus(es) during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

47. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they received a shift premium or non-discretionary bonus. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

48. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of

collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

49. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and §216(b) Class Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt Ohio employees of Defendants, who received shift premium(s) or non-discretionary bonus(es) during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

52. During relevant times, Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay for all hours worked in excess of 40 because of Defendants' policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they received a shift premium or non-discretionary bonus.

53. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

54. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

55. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

56. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

57. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

58. Questions of law and fact are common to the Ohio Rule 23 Class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its non-exempt employees.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class their correct overtime rate for all hours worked in excess of forty hours per week as

a result of Defendants' failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received shift premium(s) or non-discretionary bonus(es); (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

66. During the relevant time period preceding this Complaint, Defendants employed the Named Plaintiff and the §216(b) Class Members.

67. Named Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

68. Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

69. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

70. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

71. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the Putative Class Members as described herein. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.208.

72. Named Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

73. Named Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

74. Named Plaintiff and the §216(b) Class Members worked in excess of forty hours per week during all times relevant.

75. Named Plaintiff and the §216(b) Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

76. Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendants did not properly calculate their employees' overtime rate when they received a shift premium and/or non-discretionary bonus.

77. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Members are entitled.

78. The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

79. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

## COUNT II
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. This claim is brought under Ohio Law.

82. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

83. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

84. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received a shift premium and/or a non-discretionary bonus.

85. Defendants' company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks that employees received a shift premium and/or a non-discretionary bonus resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

86. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

87. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendants did not properly calculate its employees' overtime rate when they received a shift premium and/or a non-discretionary bonus.

88. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law. Indeed, during relevant times, the Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from receiving overtime because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

89. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

90. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

91. All of the preceding paragraphs are realleged as if fully rewritten herein.

92. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

93. During relevant times, Defendants were an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

94. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on

or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

95. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

96. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

97. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

98. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order as follows:

    A.    Certifying the proposed FLSA collective action;

    B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

    C.    A declaratory judgment that Defendants' payroll policy or practice of not including properly calculating the overtime rate during workweeks they received shift premium for Named Plaintiff and the § 216(b) Class as described herein violates the FLSA;

D.  Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.  Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period;

F.  Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.  Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I.  Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Act and the OPPA, and for an Order:

J. Awarding to the Named Plaintiff and the Ohio Rule 23 Class members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

K. Awarding Named Plaintiff and the Ohio Rule 23 Class members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding Named Plaintiff, the Ohio Rule 23 Class members such other and further relief as the Court deems just and proper;

M. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class members during the applicable statutory period; and

N. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*  
Matthew J.P. Coffman (0085586)  
**Coffman Legal, LLC**  
1457 S. High St.  
Columbus, Ohio 43207  
Telephone: (614) 949-1181  
Facsimile: (614) 386-9964  
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*  
Daniel I. Bryant (0090859)  
**BRYANT LEGAL, LLC**  
1457 S. High St.  
Columbus, Ohio 43207  
Telephone: (614) 704-0546  
Facsimile: (614) 573-9826  
Email:  dbryant@bryantlegalllc.com

/s/ *Matthew B. Bryant*  
Matthew B. Bryant (0085991)  
**BRYANT LEGAL, LLC**  
3450 W Central Ave., Suite 370  
Toledo, Ohio 43606  
Telephone: (419) 824-4439  
Facsimile: (419) 932-6719

*Attorneys for Named Plaintiff and similarly situated employees*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman