

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

EMT OCT 31  AM 9: 33

FRANK CLEMONS, on behalf of
Himself and other members of the
General public similarly situated,

      Plaintiff,

-v-

KUKA TOLEDO PLANT
OPERATIONS, LLC, KUKA SYSTEMS
NORTH AMERICA, LLC and KUKA
U.S. HOLDINGS COMPANY, LLC,

      Defendants.

Case No. 3:17-cv-1850-JJH

Hon. Jeffrey J. Helmick

Magistrate Judge James R. Knepp, II

**DEFENDANTS' ANSWER
TO COMPLAINT**

---

COFFMAN LEGAL, LLC
By:    Matthew J. P. Coffman (0085586)
1457 S. High Street
Columbus, OH 43207
(614) 949-1181
mcoffman@mcoffmanlegal.com

BRYANT LEGAL, LLC
By:    Daniel I. Bryant (0090859)
1457 S. High Street
Columbus, OH 43207
(614) 704-0546
dbryant@bryantlegalllc.com

BRYANT LEGAL LLC
By:    Matthew B. Bryant (0085991)
3450 W. Central Avenue, Suite 370
Toledo, OH 43606
(419) 824-4439
Attorneys for Named Plaintiff and similarly
situated employees

BODMAN PLC
By:    John C. Cashen  (P31603)
201 W. Big Beaver Road
Suite 500
Troy, MI 48084
(248) 743-6077
jcashen@bomanlaw.com
Attorneys for Defendants

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants KUKA Toledo Production Operations, LLC ("KTPO"), KUKA Systems North America LLC, incorrectly named in the Complaint as KUKA Systems North America, LLC ("Systems") and KUKA U.S. Holdings Company LLC, incorrectly named in the Complaint as KUKA U.S. Holdings Company, LLC ("Holdings"), answer the Complaint as follows:

## I.      JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

**ANSWER: Denied.**

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendants employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim

2

occurred in the Northern District of Ohio, and Defendants have done substantial business in this judicial district.

**ANSWER: KTPO employed Frank Clemons and does not contest venue. Systems and Holdings deny the allegations.**

## II.    THE PARTIES

4.    Named Plaintiff Frank Clemons is an individual, United States citizen, and resident of the State of Ohio living in the Northern District of Ohio.

**ANSWER: Admitted on information and belief.**

5.    At all times relevant herein, Plaintiff was employed by Defendants as a production worker from approximately 2006 through September, 2016.

**ANSWER: Denied. Plaintiff was employed by KTPO. Plaintiff was never employed by Systems or Holdings.**

6.    As a production worker, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

**ANSWER: Denied. See response to paragraph 5.**

7.    During his employment with Defendants, Named Plaintiff was not fully and properly paid for all of his compensable hours worked because Defendants did not properly calculate his regular rate of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint.

Detroit_14817739_1

**ANSWER: Denied.**

8.      Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated, and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiff Clemons' consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**ANSWER: Denied that any overtime compensation is owed to Plaintiff. The remaining allegations are neither admitted nor denied for lack of knowledge or information.**

9.      Defendant KUKA Toledo Production Operations, LLC is a foreign for-profit limited liability company formed under the laws of Michigan, but authorized to conduct business in Ohio with its principal place of business located in the Northern District of Ohio. Defendant KUKA Toledo is a subsidiary of Defendant KUKA Systems NA.

**ANSWER: Denied that KTPO is a subsidiary of Systems. The remaining allegations of paragraph 9 are admitted.**

10.      Defendant KUKA Systems NA is a foreign for-profit limited liability company formed under the laws of Michigan.

**ANSWER: Admitted.**

Detroit_14817739_1

11.    Defendant KUKA Systems NA is a foreign for-profit limited liability company formed under the laws of Michigan.

**ANSWER:  This paragraph is identical to paragraph 10 from which Defendants incorporate their answer by this reference.**

12.    Defendant KUKA Holdings is a foreign for-profit limited liability company formed under the laws of Michigan.

**ANSWER:  Admitted.**

13.    Defendants are one of the world's leading suppliers of automated manufacturing and assembly solutions for industrial production and employs thousands of hourly, non-exempt employees.

**ANSWER:  Admitted that Systems is a supplier of automated manufacturing and assembly solutions for industrial production.  KTPO is an assembly supplier dedicated to Fiat Chrysler America. The remaining allegations are denied.**

14.    Defendants are and have been, jointly and individually, an "employer," with respect to Plaintiff and those similarly situated as that term is defined by the FLSA and the Ohio Acts.

**ANSWER:  Denied.**

15.    During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

5

**ANSWER: Denied.**

16.    During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and those similarly situated.

**ANSWER: Denied.**

17.    During relevant times, Defendants shared the services of Plaintiffs and those similarly situated.

**ANSWER: Denied.**

18.    During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

**ANSWER: Denied.**

19.    During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

**ANSWER: Denied.**

20.    During relevant times, Defendants have been involved in its employment decisions, including, but not limited to decisions about its wage and

Detroit_14817739_1

hour policies and practices that affect Plaintiff and all other similarly situated employees.

**ANSWER: Denied.**

21.    At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

**ANSWER: Denied.**

22.    Upon information and belief: Defendants' joint employees were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

**ANSWER: Denied. In further response, Defendants do not have joint employees. Admitted that KTPO and Systems independently engage in interstate commerce.**

23.    Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

**ANSWER: Holdings and Systems do not have employees in the State of Ohio and therefore deny any obligation to comply with the wage and hour laws of the State of Ohio. Admitted that KTPO was aware, in general, that it must comply with federal and Ohio wage and hour law.  Admitted that Holdings**

7

and Systems were aware, in general, that they must comply with federal wage and hour law.

24.  During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

**ANSWER: Denied that any Defendant knowingly or willfully violated any law. Defendants otherwise neither admit nor deny the allegations for lack of knowledge or information given the imprecise pleading.**

25.  Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

**ANSWER: Denied as to Systems and Holdings.  Further denied that there are multiple "Plaintiffs." Otherwise, for KTPO neither admitted nor denied for lack of knowledge or information.**

## III.  STATEMENT OF FACTS

26.  All of the preceding paragraphs are realleged as if fully rewritten herein.

**ANSWER: Defendants reallege their responses to paragraphs 1-25.**

27.  At all times relevant herein, Plaintiff was employed by Defendants as a production worker from approximately 2006 through September, 2016.

**ANSWER: Denied. See response to paragraph 5.**

Detroit_14817739_1

28.    As a production worker, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

**ANSWER: Denied.**

29.    During his employment with Defendants, Named Plaintiff was not fully and properly paid for all of his compensable hours worked because Defendants did not properly calculate his regular rate of pay prior to paying him overtime, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint.

**ANSWER: Denied.**

30.    According to Defendants' company-wide Overtime and Policy Calculation policy and/or practice for their hourly employees, Defendants compensate their hourly employees at a higher hourly rate of pay when they work during specified shifts or day (this higher hourly rate of pay hereinafter "shift premium").

**ANSWER: Denied. In further response, KTPO pays a shift premium to certain employees.**

31.    In addition, Defendants' hourly, non-exempt employees receive other remuneration in the form of non-discretionary bonuses.

**ANSWER: Denied.**

Detroit_14817739_1

32. Named Plaintiff and other similarly situated employees received shift premium(s) and non-discretionary bonuses during workweeks that they worked in excess of 40 hours, but the shift premium(s) and non-discretionary bonuses were improperly excluded from Named Plaintiffs and other similarly situated employees' regular rate of pay calculations.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

33. During the three years preceding the filing of this Complaint, Defendants failed to properly calculate the Named Plaintiff's regular rate of pay for the purposes of overtime when he received the shift premium(s) or non-discretionary bonuses.

**ANSWER: Denied.**

34. Consequently, Named Plaintiff was not paid one and one-half his correct regular rate of pay ("overtime rate") for hours worked over 40 in a workweek as required under federal regulations during the three years preceding the filing date of this Complaint.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

10

35.    During relevant times, Defendants suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not fully and properly compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their correct regular rate of pay during workweeks when Named Plaintiff and those similarly situated received a shift premium and/or a non-discretionary bonus as described above.

**ANSWER: Denied.**

36.    Upon information and belief: Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

**ANSWER: See response to paragraph 23 which is identical to this paragraph.**

37.    During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

**ANSWER: See response to paragraph 24 which is identical to this paragraph.**

38.    Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**ANSWER: See response to paragraph 25 which is identical to this paragraph.**

Detroit_14817739_1

39.     Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

**ANSWER: Admitted.**

40.     Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

**ANSWER: Admitted.**

41.     Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

**ANSWER: Admitted.**

42.     During the relevant time period, Defendants applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

**ANSWER: Denied.**

43.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct

12

Detroit_14817739_1

overtime rate for all hours worked over 40 in a workweek when they received shift premium(s) or non-discretionary bonuses.

**ANSWER: Denied.**

44.　Defendants knew or should have been aware that Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on the correct regular rate of pay, but it willfully elected not to fully compensate its employees during all times relevant.

**ANSWER: Denied.**

45.　Defendants' failure to fully and properly pay Plaintiff and other similarly situated employees resulted in unpaid overtime wages.

**ANSWER: Denied.**

## IV.　COLLECTIVE ACTION ALLEGATIONS

**A.　216(b) Collective Action for Unpaid Overtime Wages.**

46.　Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of
> Defendants who received shift premium(s) or non-discretionary
> bonus(es) during any workweek that they worked over 40 hours in

Detroit_14817739_1

any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

47.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they received a shift premium or non-discretionary bonus. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

**ANSWER: Denied.**

48.     The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U .S.C. §216(b ), for the purpose of collectively adjudicating their

Detroit_14817739_1

claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**ANSWER: Denied as to Systems and Holdings. For KTPO, neither admitted nor denied for lack of knowledge or information.**

49.    The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and §216(b) Class Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and §216(b) Class Members.

**ANSWER: Denied.**

**B.    Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

50.    All of the preceding paragraphs are realleged as if fully rewritten herein.

**ANSWER: Defendants reallege their responses to paragraphs 1-49.**

51.    Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt Ohio employees of Defendants, who received shift premium(s) or non-discretionary bonus(es) during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint

15

and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

52. During relevant times, Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-halftimes their correct regular rate of pay for all hours worked in excess of 40 because of Defendants' policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they received a shift premium or non-discretionary bonus.

**ANSWER: Denied.**

53. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

**ANSWER: Denied.**

54. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

**ANSWER: Denied.**

55. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

16

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

56. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

57. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

58. Questions of law and fact are common to the Ohio Rule 23 Class.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(l) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its non-exempt employees.

**ANSWER: Denied.**

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio

Detroit_14817739_1

Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

**ANSWER: Denied.**

61.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**ANSWER: Denied.**

62.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class their correct overtime rate for all hours worked in excess of fifty hours per week as a result of Defendants' failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received shift premium(s) or non-discretionary bonus(es); (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on

account of Defendants' violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

**ANSWER: Denied.**

63.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**ANSWER: Denied.**

## V.    CAUSES OF ACTION

### COUNT I

### (FLSA- COLLECTIVE ACTION FOR UNPAID OVERTIME)

Detroit_14817739_1

64.   All of the preceding paragraphs are realleged as if fully rewritten herein.

**ANSWER: Defendants reallege their responses to paragraphs 1 - 63.**

65.   This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

**ANSWER:  Neither admitted nor denied for lack of knowledge or information.**

66.   During the relevant time period preceding this Complaint, Defendants employed the Named Plaintiff and the §216(b) Class Members.

**ANSWER: Denied.**

67.   Named Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

**ANSWER: Admitted as to KTPO.  Denied as to Systems and Holdings.**

68.   Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

**ANSWER: Admitted that Plaintiff worked in excess of 40 hours in a workweek for KTPO from time to time. Denied as to Systems and Holdings.**

69.   The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

Detroit_14817739_1

**ANSWER: Admitted.**

70.     The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. See 29 U.S.C. § 207(a)(l).

**ANSWER: Denied in the form and manner stated.**

71.     Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the Putative Class Members as described herein. See 29 U.S.C. § 207( e); see also 29 C.F.R. § 778.208.

**ANSWER: Paragraph 71 states a legal conclusion, not an averment of fact, and is neither admitted nor denied for lack of knowledge or information.**

72.     Named Plaintiff was not exempt from receiving FLSA overtime benefits because, inter alia, he was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.1, et seq.

**ANSWER: Admitted.**

73.     Named Plaintiff was not exempt from receiving FLSA overtime benefits because, inter alia, he was not a "learned professional" employee, as that term is defined under the FLSA. See 29 C.F.R. § 541.301.

**ANSWER: Admitted.**

74. Named Plaintiff and the §216(b) Class Members worked in excess of forty hours per week during all times relevant.

**ANSWER: Defendants neither admit nor deny because they do not know what is meant by "all times relevant." In further response, Systems and Holdings neither admit nor deny because they are without knowledge as to the work hours of Plaintiff and other KTPO employees. KTPO admits that from time to time Plaintiff worked in excess of forty hours per week.**

75. Named Plaintiff and the §216(b) Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

**ANSWER: Admitted that if/when Plaintiff and other hourly production workers worked in excess of 40 hours per week at KTPO, they should have been paid overtime as prescribed by law.**

76. Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, inter alia, failing to fully compensate them at time-and-one-halftimes their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendants did not properly calculate their employees' overtime rate when they received a shift premium and/or nondiscretionary bonus.

**ANSWER: Denied.**

Detroit_14817739_1

77.    Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Members are entitled.

**ANSWER: Denied.**

78.    The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

**ANSWER: Denied that Systems or Holdings have any records, or ever had any records, relating to the hours worked and compensation of hourly production employees at KTPO. Neither admitted nor denied for lack of knowledge or information as to KTPO.**

79.    As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated dan1ages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

**ANSWER: Denied.**

## COUNT II

## (O.R.C. § 4111.03-RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

Detroit_14817739_1

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

**ANSWER: Defendants reallege their responses to paragraphs 1 – 79.**

81. This claim is brought under Ohio Law.

**ANSWER: Neither admitted nor denied for lack of knowledge or information.**

82. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

**ANSWER: Denied.**

83. Ohio Law requires that employees receive overtime compensation "not less than one and one-halftimes" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); see also 29 U.S.C. § 207(a)(l).

**ANSWER: Paragraph 83 states a conclusion of law, not an averment of fact, and is neither admitted nor denied.**

24

84.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received a shift premiW11 and/or a non-discretionary bonus.

**ANSWER: Denied.**

85.     Defendants' company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the correct overtime rate for each hour worked over forty (40) hours in workweeks that employees received a shift premium and/or a non-discretionary bonus resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

**ANSWER: Denied.**

86.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

**ANSWER: Neither admitted nor denied for lack of knowledge or information. In further response, admitted that Plaintiff was not an exempt employee.**

87.     Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, inter alia, failing to compensate them at time-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendants did not properly calculate its employees'

25

overtime rate when they received a shift premium and/or a non-discretionary bonus.

**ANSWER: Denied.**

88.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law. Indeed, during relevant times, the Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from receiving overtime because, inter alia, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. See O.R.C. § 4111.03(A); see also 29 C.F.R. §§ 541.0, et seq.

**ANSWER: Admitted on information and belief.**

89.     Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

**ANSWER: Denied.**

90.     For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid

Detroit_14817739_1

overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

**ANSWER: Denied.**

## COUNT III

## (R.C. § 4113.5- RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

91.    All of the preceding paragraphs are realleged as if fully rewritten herein.

**ANSWER: Defendants reallege their responses to paragraphs 1 – 90.**

92.    During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

**ANSWER: Denied.**

93.    During relevant times, Defendants were an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

**ANSWER: Denied.**

94.    The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each

Detroit_14817739_1

month, tor wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. See O.R.C. § 4113 .15(A).

**ANSWER: Denied.**

95.   During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-halftimes their regular rate of pay within thirty (30) days of performing the work. See O.R.C. § 4113.15(B).

**ANSWER: Neither admitted nor denied for lack of knowledge or information. For further response, Defendants are unaware of unpaid wages.**

96.   The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

**ANSWER: See response to paragraph 95.**

97.   The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

**ANSWER: See response to paragraph 95.**

Detroit_14817739_1

98.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**ANSWER: Denied.**

**WHEREFORE**, Defendants request that Plaintiff's request for relief be denied, this action be dismissed with prejudice and Defendants be awarded costs, attorney fees and such further relief to which they are founded entitled.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

A.     Plaintiff has failed to state a claim, in whole or in part, upon which relief may be granted.

B.     Plaintiff has failed to plead a *prima facie* case arising under the Fair Labor Standards Act.

C.     Plaintiff's claims are barred because Plaintiff and/or any member of the class Plaintiff purports to represent have been paid all wages due under federal and Ohio law.

D.     If supported by the facts Defendants will assert that Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

Detroit_14817739_1

E.     If supported by the facts Defendants will assert that Plaintiff's claims are barred to the extent that the alleged activities do not constitute compensable work under the FLSA.

F.     If supported by the facts Defendants will assert that Plaintiff's claims are barred, in whole or in part, by his own conduct and/or failure to comply with company policies.

G.     If supported by the facts Defendants will assert that some or all of Plaintiff's claims are barred by the applicable statute and/or period of limitations.

H.     Some or all of Plaintiff's claims are barred by his failure to mitigate damages.

I.     Plaintiff's claims are barred to the extent Plaintiff failed to place Defendants on notice of the alleged violation or Defendants lacked knowledge of the alleged violations.

J.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

K.     This Court lacks jurisdiction over any member of the putative class who does not expressly "opt in" to the collective action in accordance with Section 216(b) of the FLSA.

30

L.    Plaintiff's request for collective treatment should be denied in that Plaintiff and the purported collective class are not similarly situated and therefore, Plaintiff cannot meet the requirements for collective treatment under Section 216(b) of the FLSA.

M.    If supported by the facts Defendants will assert that some or all of Plaintiff's claims are *de minimis* and therefore barred by the *de minimis* rule.

N.    If supported by the facts Defendants will assert that some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time that is non-compensable and/or non-working time.

O.    If supported by the facts Defendants will assert that Plaintiff's claims are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal-to-Portal Act.

P.    If supported by the facts Defendants will assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, judicial estoppel and/or unclean hands.

Q.    At all relevant times, Defendants acted in good faith and with reasonable grounds for believing it was in compliance with relevant statutes and laws, including the FLSA and its actions were not undertaken with reckless

disregard as to whether such acts or omissions violated the FLSA. By reason of the foregoing, Plaintiff is not entitled to liquidated damages under the FLSA or any other applicable law or regulation. Moreover, only a two-year statute of limitation should apply.

R.     Plaintiff's attempt to pursue his claims as a collective action fails because an independent and individual analysis of the claims of each Plaintiff, opt-in plaintiff and putative class member, and each of Defendants' defenses, is required.

S.     Plaintiff's attempt to pursue his claims as a class and collective action violates Defendants' constitutional rights to due process because it has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiff(s), and putative class member(s) at every stage of trial.

T.     Plaintiff entered into an agreement with Defendants whereby he agreed that any claim related to his employment must be brought within six (6) months of the action complained of. Accordingly, any claim for unpaid compensation is barred to the extent that it involves a period preceding six (6) months before the filing of this action.

Detroit_14817739_1

U.    Plaintiff's claim is barred for failure to exhaust his administrative remedy – Defendants' problem solving procedures – which he agreed to as a precondition to the filing of any claim.

V.    Plaintiff's claim is barred by the collective bargaining agreement with its arbitration provision.

W.    The FLSA is Plaintiff's exclusive remedy.

X.    Defendants reserve the right to add additional and further affirmative defenses as same become known through the course of discovery.

**WHEREFORE**, Defendants request that Plaintiff's request for relief be denied, this action be dismissed with prejudice and Defendants be awarded costs, attorney fees and such further relief to which they are founded entitled.

BODMAN PLC

By John C Cashen
    John C. Cashen (P31603)
    201 W. Big Beaver Road, Suite 500
    Troy, Michigan 48084
    Attorneys for Defendants
    jcashen@bodmanlaw.com

October 30, 2017

Detroit_14817739_1

## CERTIFICATE OF SERVICE

I certify that on October 30, 2016 I served by first class mail copies of

DEFENDANTS' ANSWER TO COMPLAINT and this CERTIFICATE OF

SERVICE upon all attorneys of record at their respective addresses of record in

this action.

John C. Cashen

34

Detroit_14817739_1